1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                 **FOR THE DISTRICT OF ARIZONA**

8

9    Christopher K Norden,                    |    No. CV-19-00373-PHX-JAT

10              Plaintiff,                     |    **ORDER**

11   v.

12   Commissioner    of    Social    Security
     Administration,

13

14              Defendant.

15        Pending before the Court is Plaintiff Christopher K. Norden's ("Plaintiff") Motion

16   for Attorneys' Fees. (Doc. 22). The Commissioner has responded but takes no position on

17   the reasonableness of the fee request. (Doc. 23). The Court now rules on the motion.

18        When Plaintiff first filed for disability benefits, the Social Security Administration's

19   ("SSA") Administrative Law Judge ("ALJ") denied his claim. (Doc. 11-3 at 41). On appeal,

20   Plaintiff and the Commissioner stipulated to a remand under sentence four of 42 U.S.C. §

21   405(g). (Doc. 18). Thereafter, the ALJ found Plaintiff disabled and awarded him benefits.

22   (Doc. 22-2 at 11).

23        After the decision in Plaintiff's favor, this Court awarded his counsel $4,000 in

24   attorneys' fees under the Equal Access to Justice Act ("EAJA"), (Doc. 21), and the SSA

25   has set aside 25 percent of the past-due benefits awarded, $28,560.15, for a potential further

26   attorneys' fees award. (Doc. 22-3 at 3). Plaintiff's counsel now seeks $28,500 of that sum

27   for 22 hours of work before this Court under 42 U.S.C. § 406(b). (Doc. 21 at 4).[1]

28   _____

     [1] Although nothing requires counsel to also forego fees under 42 U.S.C. § 406(a),
     *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019), counsel avers he will not seek fees in

1    A court entering judgment in favor of a social security claimant represented by
2    counsel "may determine and allow as part of its judgment a *reasonable* fee for such
3    representation, not in excess of 25 percent of the total of the past-due benefits to which the
4    claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A) (emphasis
5    added). Although "[t]he statute does not specify how courts should determine whether a
6    requested fee is reasonable," *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (per
7    curiam), the Supreme Court has made clear that the first step is to respect "the primacy of
8    lawful attorney-client fee agreements," *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002).
9    A court may take a downward departure from the amount due under a fee agreement "if
10   the attorney provided substandard representation or delayed the case, or if the requested
11   fee would result in a windfall." *Crawford*, 586 F.3d at 1151. A court can also "consider the
12   lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Id.*
13   (citing *Gisbrecht*, 535 U.S. at 808). "Because the SSA has no direct interest" in how the
14   award is apportioned between client and counsel, district courts must independently
15   "assure that the reasonableness of the fee is established." *Id.* at 1149.

16   The fee request at issue here is not entirely reasonable under *Gisbrecht*. To be sure,
17   the fee agreement provides that counsels' fee shall equal 25 percent of the total amount of
18   past-due benefits awarded, which is "the 'most common fee arrangement between
19   attorneys and Social Security claimants.'" *Crawford*, 586 F.3d at 1147–48 (quoting
20   *Gisbrecht*, 535 U.S. at 800). But adhering strictly to the terms of that agreement here would
21   result in a slight windfall.

22   In making this finding, the Court uses counsel's de facto hourly rate as an aid.
23   Despite Plaintiff's counsel's arguments to the contrary, (Doc. 22 at 8–10), courts have
24   appropriately looked to the de facto hourly rate as an important tool to ensure the absence
25   of a windfall. *See, e.g.*, *Harrell v. Berryhill*, No. 16-cv-02428-MEJ, 2018 WL 4075883, at
26   *3 (N.D. Cal. Aug. 27, 2018); *Edwards v. Berryhill*, No. ED CV 14-1798-E, 2017 WL
27   3913209, at *4 (C.D. Cal. Sept. 6, 2017); Carolyn A. Kubitschek & Jon C. Dubin, *Social*
28

excess of the SSA's withholding in this case. (Doc. 22 at 12).

*Security Disability Law and Procedure in Federal Court* § 10:16 (Jan. 2020 Update) (noting that most courts following *Gisbrecht* employ this "reverse lodestar" approach). Indeed, as indicated above, by emphasizing this factor both the United States Supreme Court and Ninth Circuit Court of Appeals have invited the district courts to consider this criterion in ruling on § 406(b) fee requests. *See Gisbrecht*, 535 U.S. at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.").

The de facto hourly rate of the requested award—$1,295.45—falls slightly outside the range of reasonableness that this Court, and others in this district, have found reasonable in recent cases resolved by a stipulation to remand without full briefing. For example, this Court has previously reduced a fee request from an amount that reflected a $1,477 per hour rate to an amount that reflected a $750.00 per hour rate. *Kellogg v. Astrue*, No. CV 09-00982-PHX-JAT, 2013 WL 5236638, at *2 (D. Ariz. Sept. 17, 2013) (collecting cases). In another recent case, a court awarded a $750.00 per hour rate to avoid a windfall for counsel. *Snyder v. Berryhill*, No. CV 15-00516-TUC-BPV, 2018 WL 905143, at *2 (D. Ariz. Feb. 15, 2018). Finally, and most recently, a court found an effective hourly rate of $1,624.82 "too high considering this case resolved through a stipulated remand without full briefing" and reduced the award to an effective hourly rate of $1,200" by multiplying counsel's typical non-contingent fee rate by four. *Demand v. Comm'r of Soc. Sec. Admin.*, No. CV-18-08063-PCT-DLR, 2020 WL 1659898, at *1–2 (D. Ariz. Apr. 3, 2020). Given that counsel in this case and *Demand* worked similarly few hours to reach the same result, and given further the passage of time since *Kellogg*, the Court is inclined to find that the $1,200 de facto hourly rate reached in *Demand* is an appropriate guide here.

Plaintiff's counsel argues that the facts of *Crawford* itself justify his requested award, (Doc. 22 at 4–6), but the comparison is unavailing. In discussing why the requested fees in the three cases at issue in *Crawford* did not result in a windfall, the Ninth Circuit Court of Appeals relied on the fact that "[i]n each case, counsel voluntarily reduced those

fees substantially from the allowable 25%." *Crawford*, 586 F.3d at 1152. Counsel in those three cases sought fees representing 16.95%, 15.12%, and 13.94% of the past-due benefits awarded. *Id.* at 1145–46. By way of contrast, Plaintiff's counsel has voluntarily reduced his fee request by only $60.15, or .05%, of the past-due benefits award. Consequently, *Crawford* does not support counsel's claim that the effective hourly rate of $1,295.45 would not amount to a windfall.

Plaintiff's counsel cites only two cases where a court approved an award that translated to a de facto hourly rate in excess of $1,200 an hour but the Court declines to follow either. In *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) the court approved an hourly rate of $1,546.39 but provided no analysis to support its conclusion that "the fee requested [was] not so inordinately large in comparison with the number of hours spent . . . on the case." For that reason, the Court will not follow *Palos* here. In *Kazanjian v. Astrue*, No. 09 civ. 3678(BMC), 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011), the court's § 406(b) award translated into a de facto hourly rate of $2,433. There, however, the court explained that such an award was warranted because of counsel's truly exceptional handling of the case. *Id.* (noting counsel's "particularly focused briefing" that "zero[ed] in on the key issues in a succinct and, indeed, captivating manner, rather than simply reiterating a list of medical test results and often boilerplate legal principles"). Although Plaintiff's counsel may have spent a similar number of hours on this matter as the attorney in *Kazanjian*, that limited amount of time is more attributable to the fact that the case was resolved by stipulation than it is to counsel's expedient briefing.

Because the Court found that the requested fee award would result in a windfall, the Court will not grant Plaintiff's counsel the entirety of his sought-after fee. The Court will accordingly reduce the award to reflect an effective hourly rate of $1,200 per hour. After this reduction, the total § 406(b) fee award is $26,400.

/ / /

/ / /

Therefore,

IT IS ORDERED that Plaintiff's Motion for Attorneys' Fees (Doc. 22) is GRANTED IN PART AND DENIED IN PART. Section 406(b) fees are allowed in the gross amount of $26,400 to be paid from the sums held by the Commissioner from Plaintiff's past-due benefits.

IT IS FURTHER ORDERED that Plaintiff's counsel must refund the EAJA fee award to Plaintiff as the smaller of the two fee awards. *Gisbrecht*, 535 U.S. at 796.

Dated this 25th day of June, 2020.

James A. Teilborg
Senior United States District Judge